[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tort action in which the plaintiffs allege that property they leased to the defendants was contaminated by the improper disposal of hazardous materials. There are four defendants: Servicemaster Company Limited Partnership (formerly Servicemaster Industries, Inc.); Servicemaster of Waterbury, Inc. ("Servicemaster"); Dennis Lacilla; and George Albino. Lacilla and Albino (the "individual defendants") were allegedly officers and directors of Servicemaster. The individual defendants have filed a motion to strike (#119), seeking to strike the second count of the second amended complaint and those allegations in the fifth, sixth, and seventh counts that relate to the individual defendants. The second count alleges negligence on the part of the individual defendants. The fifth count alleges negligence per se on the part of Servicemaster and the individual defendants, in that the disposal of the materials allegedly violated certain statutes. The sixth count alleges strict tort liability as to these last three defendants. The seventh count alleges waste in violation of Conn. Gen. Stat. Sec. 52-563 on the part of these last three defendants. For the reasons that follow, the motion to strike must be denied.
Since this is a motion to strike, "the facts giving rise to these claims must be taken from the complaint." Kilbride v. Duskin Publishing Group, Inc., 186 Conn. 718, 719, 443 A.2d 922
(1982). According to paragraphs 7 and 8 of the first count of the second amended complaint — which are incorporated by reference in each succeeding count — the premises in question were "leased and/or occupied by Servicemaster and/or Dennis Lacilla" and both Lacilla and Albino, in addition to serving as officers and directors, "were responsible for operating the Servicemaster business." For purposes of the motion to strike, these allegations must be assumed to be true. Moreover, these allegations must be "construed in a manner most favorable to the pleader." Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6
(1980).
"It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." Kilduff v. Adams, Inc., 219 Conn. 324, 331-32, 593 A.2d 478 (1991). The allegations here concerning the personal actions of the individual defendants are certainly spare, but if they are construed in a manner most favorable to the plaintiffs, as they must be, they are sufficient CT Page 9455 to state a claim. This is not a case like Albom v. Katz Corp,39 Conn. Sup. 533, 466 A.2d 1206 (1983), relied on by the individual defendants. Albom was tried to the court, and the evidence submitted was insufficient to establish the personal liability of the corporate officer named as a defendant in that case. It may, of course, be that at trial here the proof against the individual defendants will be similarly insufficient, but that remains to be seen. At this stage, the court is presented only with allegations, and the allegations of personal responsibility construed in the light most favorable to the pleader are sufficient.
The motion to strike is denied.
JON C. BLUE, J.